**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3148-23

IN THE MATTER OF RICHIE
LOPEZ, JERSEY CITY POLICE
DEPARTMENT.

_____

Submitted November 3, 2025 – Decided November 19, 2025

Before Judges Sabatino and Bergman.

On appeal from New Jersey Civil Service Commission, Docket No. 2023-0631.

Law Offices of Michael Peter Rubas, LLC, attorney for appellant Richie Lopez (Michael P. Rubas, on the briefs).

Apruzzese, McDermott, Mastro & Murphy, PC, attorneys for respondent City of Jersey City (Arthur R. Thibault, Jr. and Kyle J. Trent, of counsel and on the brief).

Matthew J. Platkin, Attorney General, attorney for respondent New Jersey Civil Service Commission (Mark A. Gulbranson, Jr., Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Richie Lopez, a Jersey City police officer, appeals the May 10, 2024 final agency decision of the Civil Service Commission upholding the determination of an administrative law judge ("ALJ") that appellant violated the applicable law enforcement guidelines by testing positive for marijuana usage and was properly removed from duty. We affirm.

I.

The pertinent facts were developed in the hearings before the ALJ in depth, and they can be concisely summarized as follows.

On September 14, 2021, appellant was the subject of a mass-spectrometer urine drug test administered randomly at the behest of his employer, the Jersey City Police Department. Appellant tested positive for cannabinoids ("THC") and was accordingly served with a preliminary notice of disciplinary action.

Before he was tested, appellant had signed an acknowledgment of his receipt of a policy placing Jersey City police officers on notice that such drug testing would analyze their urine for illicit substances, including marijuana. The policy further advised that a positive test for illegal drug use would result in an officer's termination.

After a departmental hearing confirmed appellant's violation, he was served with a final notice of disciplinary action from the police department

A-3148-23

removing him as an officer. Appellant then contested the disciplinary action in the Office of Administrative Law ("OAL"). A one-day OAL hearing was conducted in November 2023, at which appellant and a lieutenant from the police department's internal affairs unit both testified.

In his testimony, appellant claimed he had unknowingly ingested marijuana within candy (both in gummy and chocolate form) in the kitchen of a friend's house at a gathering to watch Monday Night Football. He further claimed that he had removed the candy from an unlabeled Ziploc bag. The lieutenant testified about the results of the investigation, including the fact that appellant had denied having ingested marijuana and did not possess a medical marijuana card or prescription.

In a series of two decisions,[1] the ALJ ruled in favor of the department. The ALJ specifically found the lieutenant's testimony was credible, whereas appellant's testimony was not. The ALJ additionally found the sanction of termination was appropriate because the Attorney General's Law Enforcement Drug Testing Policy, as it existed at the time of appellant's testing, mandated the

---

[1] The matter was remanded to the ALJ by the Commission after her first decision, with instruction to make findings about the source of the marijuana exposure.

dismissal of police officers who test positive for use of unregulated, non-prescribed narcotics, including marijuana.

The Commission upheld the ALJ's determination and rejected the exceptions appellant had filed contesting that ruling. In its four-page final agency decision, the Commission adopted the ALJ's factual findings and credibility assessments. The Commission noted that appellant's proven ingestion of unregulated marijuana had occurred before April 21, 2022, when new laws became effective that permitted law enforcement officers, on certain strict terms and conditions, to use regulated cannabis for recreation. See N.J.S.A. 24:6I-34(d)(2). The Commission also rejected appellant's claim that his termination was fundamentally unfair and that his employer was instead obligated to engage in progressive discipline.

On appeal, appellant argues the Commission's decision upholding his termination was arbitrary, capricious, and unreasonable because: (1) his testimony should have been deemed credible; (2) the Commission improperly shifted the burden of proof to him and erred in finding that the cannabis he ingested was unregulated; (3) the Commission arbitrarily rejected his claim of fundamental unfairness; and (4) progressive discipline policies weigh against his removal. None of these arguments have merit.

A-3148-23

II.

Our scope of review of this administrative agency decision is limited. "An administrative agency's final quasi-judicial decision will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." In re Herrmann, 192 N.J. 19, 27-28 (2007). In particular, our appellate courts generally have applied deference when reviewing determinations of the Commission, or of its predecessor agencies that administered the civil service laws. See, e.g., Campbell v. Dep't of Civil Serv., 39 N.J. 556, 562, 578 (1963); see also In re Stallworth, 208 N.J. 182, 194-95 (2011); Falcey v. Civil Serv. Comm'n, 16 N.J. 117, 125 (1954). Furthermore, deference is similarly accorded to the credibility findings of a trier of fact. State v. Locurto, 157 N.J. 463, 471 (1999). Applying these well-established principles of review here, we affirm the Commission's decision in all respects.

The record before us amply shows that appellant was properly removed from duty as a police officer after testing positive for THC pursuant to the Attorney General's Law Enforcement Drug Testing Policy, which states:

> When a sworn law enforcement officer tests positive for illegal drug use:
>
> 1. The officer shall be immediately suspended from all duties.

A-3148-23

2. The officer shall be administratively charged and, upon final disciplinary action, terminated from employment as a law enforcement officer.

3. The officer shall be reported by his or her employer to Central Drug Registry maintained by the Division of State Police.

4. The officer shall be permanently barred from future law enforcement employment in New Jersey.

[(Emphasis added).]

Elaborating upon these policies, the Attorney General issued two further memoranda regarding the consumption of cannabis by law enforcement. The first was a "Frequently Asked Questions" ("FAQ") advisory regarding "Marijuana Decriminalization and Legalized Cannabis" released on February 22, 2021, which was updated on March 8, 2021. The FAQ stated that: "[u]ntil the Cannabis Regulatory Commission promulgates and implements regulations, there is no regulated, legal cannabis in New Jersey. Therefore, any marijuana consumed by a law enforcement officer . . . will be a controlled dangerous substance and illegal." (Emphasis added).

The Attorney General issued a second superseding memorandum on April 13, 2022 to all law enforcement chief executives regarding the Cannabis Regulatory, Enforcement Assistance, and Marketplace Modernization Act

6

("CREAMMA"), the new statute governing the legal sale and use of recreational cannabis in New Jersey. In response to CREAMMA, the Attorney General advised: "there should be zero tolerance for cannabis, use, possession, or intoxication while performing the duties of a law enforcement officer. And there should be zero tolerance for unregulated marijuana consumption by officers at any time, on or off duty, while employed in this State." [(Emphasis added).]

Both the police department and the Commission properly applied these policies in this case. As the Commission emphasized in its final agency decision, "a law enforcement officer is held to a higher standard than a civilian public employee." "[E]ven when a law enforcement officer does not possess a prior disciplinary record after many unblemished years of employment, the seriousness of an offense may nevertheless warrant the penalty of removal where it is likely to undermine the public trust." The Commission justifiably found that "appellant's [use] of unregulated cannabis was clearly egregious enough to warrant removal," as it was "in direct contradiction" of the policies of the Attorney General and appellant's employer.

We are unpersuaded by appellant's contention that the Commission wrongfully shifted the burden to him of proving that he ingested unregulated marijuana. Appellant admittedly did not possess a medical marijuana card or

prescription. The record is bereft of any evidence of a regulated source of the marijuana or THC within the unlabeled candy that appellant claims he ate in his friend's kitchen. The ALJ and the Commission therefore did not err in concluding that appellant—who was not found to be a credible witness—failed to substantiate his affirmative defense.

Lastly, we reject appellant's contentions that the sanction of termination is fundamentally unfair or that a lighter sanction was required under principles of progressive discipline. As we have noted above, appellant explicitly acknowledged in advance of the drug testing his awareness of the zero-tolerance drug policies that prompted his termination. Appellant's removal does not "'shock[ the judicial] sense of fairness.'" In re Polk, 90 N.J. 550, 578 (1982) (quoting Pell v. Bd. of Educ., Etc., 34 N.Y.2d 222, 233 (1974)).

Given the clear policies of law enforcement prohibiting officers from the illegal use of non-prescribed narcotics, the doctrine of progressive discipline is inapplicable here. A lesser sanction "would be contrary to the public interest." Herrmann, 192 N.J. at 33. Even if one were to accept appellant's narrative that he ate marijuana-laden candy unwittingly, his inattentiveness and ensuing positive drug test provide ample grounds to enforce the strict prohibitions of the Attorney General and his police employer.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-3148-23